**Alan G. GIMENEZ, Petitioner— Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Respondent—Appellee.**

No. 03–57142.

D.C. No. CV–99–01133–JTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided May 27, 2005.

Janeen D'Angelo, Spring Valley, CA, for Petitioner-Appellant.

Kevin R. Vienna, Esq., Office of the California Attorney General, San Diego, CA, for Respondent-Appellee.

Before BROWNING, MAGILL,* and RYMER, Circuit Judges.

---

* Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

## MEMORANDUM **

Alan Gimenez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition based on ineffective assistance of trial counsel. Gimenez argues that counsel failed to obtain all medical and lab reports, that he failed to investigate Dr. Lewis's report, and that he should have consulted a hematologist in a case involving bleeding and blood disorders. Because we conclude that Gimenez was not prejudiced even if counsel's performance were deficient in these respects, we affirm.[1] *Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Lewis report diagnosed epilepsy and noted that an August 7, 1991 spinal tap produced blood in the spinal fluid. However, the evidence shows that epilepsy is a symptom and could not explain Priscilla's subdural hematoma. Nor does the fact that the spinal tap was bloody undermine confidence in the outcome. The presence of a subdural hematoma sometime before August 7, 1991 was equally consistent with the prosecution's theory of the case (that Priscilla had experienced more than one incidence of shaking and died of Shaken Baby Syndrome) as with the defense theory that a birth injury caused slow bleeding and swelling.

Even had counsel consulted a hematologist in 1991 who opined as Dr. Innis did in 2003, we cannot say that the result would have been different. While Innis's theory of a Vitamin K Deficiency bleeding disorder following a Hepatitis A infection and impairment of liver function might have accounted for some of Priscilla's problems and been a stronger defense than the one pursued, it would not have undercut the compelling evidence that her subdural hematoma, brain swelling, fractured rib, and torn frenulum fit the classic pattern of child abuse and repeated shaking leading to death. The autopsy and other medical evidence showed that Priscilla's rib was fractured after birth, two to three weeks before the time of her death, and that the injury was consistent with squeezing of the sort that typically accompanies child abuse rather than a fracture callous as hypothesized by Innis. Further, the blood was fresh, evidencing a fresh injury shortly before Priscilla's August 10 admission. Gimenez was alone with Priscilla immediately before her hospitalizations on August 7 and August 10; he had a history of violence; and his credibility was severely impeached by the different stories he told about Priscilla's torn frenulum. In these circumstances, determining that Gimenez was not deprived of the effective assistance of counsel was neither contrary to, nor an

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The government argues that some of Gimenez's claims in his federal habeas petition were never exhausted in state court, and should therefore not be addressed on the merits in this appeal. Because we affirm the district court's denial of Gimenez's habeas petition, we exercise our discretion to reach the merits of each of Gimenez's claims, whether exhausted or not. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). In doing so, we conduct an independent review of the record to ascertain whether the decision that Gimenez was not denied the effective assistance of counsel was an objectively unreasonable application of Supreme Court law, as no state court rendered a reasoned decision on the merits of Gimenez's claim. *Himes v. Thompson,* 336 F.3d 848, 853 (9th Cir.2003).

unreasonable application of, Supreme Court precedent.

AFFIRMED.